RAWLS, Judge.
By common law petition for writ of cer-tiorari the petitioner seeks review of the order of taking entered pursuant to the provisions of Chapter 74, Florida Statutes, F.S.A., in this eminent domain case.
The point on appeal as posed by petitioner is: Does it affirmatively appear from all the evidence that condemnation of 4.62 acres of Ragland’s land for Interstate Highway 295 should be delayed or denied?
Petitioner in his brief states: “This argument is a plea for life. For the life of flowers, butterflies, trees, animals, snakes, insects, people, and all the creatures we have taken for granted. This is a plea for survival, not from water but from foul air.” Petitioner’s evidence, proffer of evidence, and argument may be summarized by quoting the following observations from his brief:
“America is losing her beauty, Americans (especially in urban areas) are losing their health, our polluted air and water and the natural purification processes are at capacity or beyond the saturation point, human and technological wastes threaten to engulf all but the most rural areas, we have too many people, too many things, consume more than a just share of the world’s natural resources, and the setting of limits has become essential if life in any form is to continue to exist, much less be meaningful, for another 35 years in which time, world population will double if present rates continue.
* * * * * *
“* * * [Ajssuming all the evidence, whether admitted or excluded, had been so admitted and considered on the question of fraud, bad faith or gross abuse of discretion, does it affirmatively appear that the entry of the Order of Taking was error ?”
We have carefully reviewed the extensive testimony adduced and proffered by petitioner which reflected that pollution is already a real problem that will be compounded by the increase in registration of automobiles, and that other environmental factors render the present location of 1-295 as being not in the best interests of the citizens of Duval County and this State. Petitioner’s evidence proffered and introduced is primarily devoted to the subjects of ecology and environment. Dr. Hugh litis, a professor of Botany of the University of Wisconsin and native of Czechoslovakia, who terms himself a “plant taxonomist” and “human ecologist” and an avowed expert in the fields of population and environment, proffered extensive testimony to the effect that we are dealing with the question of human evolution and human adaptation and are confronted with *477 an environmental collapse; that man is “a clothed, intellectualized, toilet-trained ape”, there being only a slight difference, zoologically, between man and the chimpanzee ; that one reason people go to Florida is because it is the one state in the Union that resembles the African veldt, and when man goes to Florida he is subconsciously trying to imitate the African savanna; that by reason of the proposed highway’s location, children are going to be poisoned from the pollution created by automobiles; that we should have environmental corridors where people can get away from the artificiality of the city and return to being “apes” and that we are now living in a spaceship, which is a closed environmental system. Other testimony by similar experts paint a frightening picture of man committing suicide by creating an environment in which children become psychotic and remain so throughout life by reason of the noxious fumes spewed into the air by our machines of progress, and the deafening noise creating deafness and psychosis. Petitioner and his experts paint a bleak canvas of life not only for the next decade but for the future generations.
As citizens, we cannot help but be concerned with the environmental outlook for this land of flowers. As Judges, our responsibility is that of interpreting the law. It is our destiny to apply the law of this State as enacted by the lawmaking body, and in this jurisdiction we recognize that body to be the Legislature of the State of Florida. Distilling the dross from petitioner’s complaint, evidence and proffered evidence, it is our conclusion that same should be directed to the legislative and executive branches of government in this State, and carefully considered by those bodies when fulfilling their responsibility of selecting locations for highways.
Petitioner has exerted every effort at his command to salvage his 50-acre sanctuary of trees, shrubs, flowers and bulbs. However, petitioner, like many other citizens of this State, must yield to the bulldozers of progress in the name of what has been determined by those entrusted with the power to make the decisions to be for the overall public good. Petitioner’s property is not the only parcel of land which has been bisected and is being bisected by the Interstate Highway System. The decision has been made by the department in substantial compliance with the law. There is no competent substantial evidence in this record to support the contention that this decision is an arbitrary one or is an abuse of discretion.
As to petitioner’s contention that he was not given notice of the “design public hearing,” this record reflects that he has utilized every resource at his command to dissuade the department from crossing his 50-acre sanctuary.
We conclude that it affirmatively appears from all the evidence that condemnation of 4.62 acres of Ragland’s land for 1-295 should not be further delayed or denied.
Certiorari denied.
JOHNSON, C. J., and WIGGINTON, J., concur.